**156**

David E. MILLER, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Aug. 11, 1981.

Andru Volinsky, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Robert
L. Jolley, Jr., Sr. Asst. Atty. Gen., Nashville, for appellee.

## OPINION

BYERS, Judge.

The appellant has filed an application for extraordinary appeal under Rule 10 of the Tennessee Rules of Appellate Procedure, seeking to reverse the judgment of the trial court which dismissed his motion to vacate an order binding him over from the sessions court to the Knox County Grand Jury.

The trial judge held the criminal court had no jurisdiction to review the bind over order of the sessions court, and dismissed the motion without considering the merits thereof.

■ It is our opinion the trial court erroneously concluded it had no jurisdiction to review a bind over order upon filing of a proper motion for review.

*Waugh v. State*, 564 S.W.2d 654 (Tenn. 1978), held the trial courts have jurisdiction to review bind over orders. The failure of the Tennessee Rules of Criminal Procedure to provide for such review did not negate the rule established in *Waugh* on this issue.

Although the trial judge erroneously concluded he had no jurisdiction to entertain the appellant's motion, we do not conclude it necessary to reverse the judgment of the trial court herein.

In the motion filed in the trial court, the appellant complained of the introduction of evidence which he asserts was inadmissible on various constitutional grounds. The appellant asserts the general sessions judge did not allow him to establish the inadmissibility of this evidence by cross-examination of the witnesses. The appellant concludes, therefore, he is entitled to an order vacating the bind over order because Rule 5.1(a), Tennessee Rules of Criminal Procedure, prohibits the introduction of hearsay evidence and unlawfully seized evidence in a preliminary hearing.

The appellant is correct in his assertion of the exclusion of evidence rule set out in Rule 5.1(a). However, we are of the opinion this does not, in view of the motion filed in the case, entitle him to the relief sought.

■ The appellant did not assert in his motion an absence of admissible evidence sufficient to support a finding of probable cause upon which the general sessions judge entered the bind over order. It is the opin-

ion of this Court such an allegation is required to entitle an accused to present evidence on a motion to dismiss a bind over order. In *Waugh* the Supreme Court held the "admission of incompetent evidence, however, will not invalidate a bind over order if the magistrate also had before him competent evidence sufficient in itself to establish probable cause."

■ To allow a hearing on a motion to dismiss a bind over order only on an allegation of the admission of incompetent evidence, without requiring the movant to allege the absence of competent evidence to establish probable cause, would require trial judges to hold hearings on any number of such motions where the movant would not be entitled to relief even if incompetent evidence were introduced at the bind over hearing. Therefore, we conclude, in the interest of judicial administration, a motion to dismiss a bind over order must allege the absence of competent evidence at the bind over hearing to entitle an accused to a hearing on such motion.

The application for an extraordinary appeal is dismissed.

O'BRIEN and DUNCAN, JJ., concur.